IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD BRYON NEW, SR.,<br><br>   Plaintiff,<br> v.<br><br>RESTAURANT TECHNOLOGIES, INC.,<br><br>   Defendant. | Case No.: 3:24-cv-01106-AR<br><br>ORDER |

**Adrienne Nelson, District Judge**

  United States Magistrate Judge Jeff Armistead issued a Findings and Recommendation ("F&R") in this case on March 6, 2025, ECF [26]. Judge Armistead recommended that this Court deny plaintiff's motions to remand and grant in part and deny in part defendant's motion to dismiss. Defendant timely filed objections, to which plaintiff did not respond. Plaintiff filed a notice of appeal and objections, to which defendant responded. On May 2, 2025, the Ninth Circuit dismissed the appeal for lack of jurisdiction. Order of U.S.C.A. for the 9th Cir., ECF [33]. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

  A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the findings and recommendation be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory

committee's note to 1983 amendment.

## DISCUSSION

Plaintiff raises twenty issues in his notice of appeal and objections. *See* Notice of Appeal to the 9th Cir. & Objs. ("Pl. Objs."), ECF [29]. The Court construes all these issues as objections to the F&R. Plaintiff's objections fall broadly into two categories: (1) procedural objections, including that defendant's counsel did not properly confer with plaintiff and withheld information and that Judge Armistead erred in multiple decisions throughout this case; and (2) substantive objections that plaintiff adequately alleges defamation and retaliation claims.

Defendant makes one objection to the F&R, arguing that the Court should dismiss plaintiff's claim for unpaid wages with prejudice.

**A.     Procedural Objections**

Regarding procedural issues, plaintiff first claims that defendant's counsel did not properly confer with plaintiff regarding settlement or filing objections to the F&R and "left out critical information that drastically affects plaintiffs [*sic*] ability to show his case,"[1] that defendant and defendant's counsel withheld discovery, and that defendant did not properly serve the notice of removal. Pl. Objs. 1-2, 5. Plaintiff also argues that Judge Armistead erred by previously denying plaintiff's motion for appointment of counsel, granting two of defendant's attorneys' motions for *pro hac vice* admission, and striking plaintiff's amended complaint, as well as by misapplying the standard of *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000), in the F&R regarding leave to amend. *Id.* at 3, 5. Finally, plaintiff argues that the Court should apply the most "liberal" statute of limitations among Oregon, Texas, and Minnesota law, and that his claims are timely. *Id.* at 4, 6.

As a preliminary matter, plaintiff's objections regarding conferral as to settlement,

---

[1] Plaintiff also claims that defendant did not provide plaintiff's entire personnel file. The Court does not construe this as an objection because Judge Armistead recommended ordering defendant to produce to plaintiff his personnel file as an initial disclosure, as required by Local Rule 26-7(c)(2)(D). The Court agrees and adopts this recommendation. Plaintiff's speculation that "[t]here was a file at the building in Oregon that contained emails and other documents that prove plaintiffs [*sic*] case" and that the emails and other documents "have likely been destroyed" is irrelevant to the F&R. *See* Pl. Objs. 7.

discovery-related issues, and Judge Armistead's decisions on other prior motions are irrelevant to the F&R. Moreover, filing objections to the F&R is not the proper procedure by which to address any of these issues. As for plaintiff's assertion that defendant's counsel failed to confer before filing objections, this point is also irrelevant because objections to an F&R are not motions to which the conferral requirement applies. *See* Local R. 7-1.

As for plaintiff's objections regarding service, plaintiff specifically argues that Judge Armistead "erred by establishing that mere saying something was mailed is proof enough that it was." Pl. Objs. 5. Plaintiff is mistaken. Federal Rule of Civil Procedure 5(b)(2)(C) provides that service is completed when mailed to a person's last known address. Defendant filed sworn certificates of service attesting to proper service, and plaintiff does not explain why Judge Armistead or this Court should disregard these certificates. Therefore, the Court adopts the finding that defendant complied with the notice of removal requirements set forth in 28 U.S.C. § 1466(d).

As for plaintiff's objection regarding the leave to amend standard, plaintiff appears to misunderstand both *Lopez* and the F&R. Judge Armistead analyzed each of plaintiff's claims and found that the deficiencies regarding plaintiff's claims for wrongful termination, retaliation, falsified records, forged documents, witness tampering, obstruction of justice, evidence tampering, blacklisting, personnel file withholding under 29 U.S.C. § 211(c), and compliance with safety standards could not be corrected, thereby rendering any amendment futile. *See* F&R 9-19. As for plaintiff's claims for common law defamation, personnel file withholding under Oregon Revised Statutes ("ORS") § 652.750(2), and unlawful disclosure, Judge Armistead found that the deficiencies regarding those claims could be corrected by alleging additional facts. *See id.* at 12-14, 17-18, 20. The Court adopts these well-reasoned findings.

Finally, as for plaintiff's choice-of-law and timeliness arguments, plaintiff is mistaken. Federal courts sitting in diversity apply the substantive law of the forum state, including its choice-of-law rules. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 65 (2013) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 494-96 (1941)). Because this case was removed to this Court, Oregon's choice-of-law principles govern. Under ORS § 12.430, another state's statute of limitations may

3

apply if a claim is substantively based upon the law of that other state; however, plaintiff has not demonstrated that the substantive law of any other state governs his claims. Therefore, Oregon's statute of limitations applies, and plaintiff's wrongful termination and defamation claims are time-barred.

Plaintiff's arguments to the contrary do not resurrect these claims. As for plaintiff's argument that he made his wrongful termination claim after he received his right-to-sue letter from BOLI, plaintiff never alleged that he filed a BOLI complaint, let alone that he received a right-to-sue letter or the date on which he might have received a right-to-sue letter. As for plaintiff's reference to the discovery rule, the discovery rule can apply to a defamation claim "when the initial publication is confidential in nature, and not something that a plaintiff would be presumed to have known about, even if he had exercised reasonable diligence." *Baker v. Vantage Parts, Inc.*, Civ. No. 96-37-FR, 1997 WL 136488 (D. Or. Mar. 19, 1997) (citing *White v. Gurnsey*, 48 Or. App. 931, 936, 618 P.2d 975 (1980)). Plaintiff contends that his defamation claims "are timely due to the [d]iscovery rule" and that defendant "removed all access to the information," for example, by "eliminating emails, taking computer, phone, ordering former employees (witnesses) not to speak to the other party." Pl. Objs. 4, 6. However, plaintiff does not state when he learned of the alleged defamatory statements, so as to allow the Court to determine whether the discovery rule might apply. Plaintiff also does not explain how the allegedly concealed fact of the Dylan Weatherford's employment status would affect plaintiff's defamation claim, or why the purportedly withheld information was not discoverable through reasonable diligence before filing suit. Accordingly, the Court adopts the finding that plaintiff's wrongful termination and defamation claims are untimely.

B.     **Substantive Objections**

1.     *Unpaid Wages Claim*

Under ORS § 652.140, an employer must pay a terminated employee "all wages earned and unpaid at the time of the . . . termination . . . not later than the end of the first business day after the . . . termination." Or. Rev. Stat. § 652.140(1). "[I]f an employer willfully fails to pay any wages or compensation . . . as provided in ORS [§] 652.140[,]" penalties apply until the employer complies. *Id.* § 652.150(1).

4

Defendant argues that plaintiff does not state a claim under ORS § 652.150, which requires, in relevant part, a willful withholding. Defendant contends that the Court should dismiss plaintiff's unpaid wages claim with prejudice because plaintiff's own recounting of events indicates that defendant admitted that the non-payment was due to an accidental error.[2]

Contrary to defendant's arguments, and as Judge Armistead correctly found, a plaintiff may bring an unpaid wages claim pursuant to ORS § 652.140 without the penalty provision in ORS § 652.150. *See Gessele v. Jack in the Box, Inc.*, 427 F. Supp. 3d 1276, 1325 (D. Or. 2019) (quoting *Wilson v. Smurfit Newsprint Corp.*, 197 Or. App. 648, 672, 107 P.3d 61 (2005)) ("[An] employee may file . . . a regular wage claim under . . . ORS [§] 652.140[.]"). Unlike ORS § 652.150, ORS § 652.140 does not require a willful withholding. Under ORS § 652.140, "[w]hen an employer discharges an employee[,]" all wages owed are "due and payable" on the first business day after termination. Plaintiff alleges that he told defendant that he was not paid for February 19 to 24, 2023, and that after investigating, defendant told plaintiff that the payroll error was accidental and paid plaintiff for February 19 and 20, but not February 21 to 24. Because plaintiff alleges that defendant did not timely pay him wages owed for February 21 to 24, 2023, the Court adopts the finding that plaintiff adequately states an unpaid wages claim under ORS § 652.140.

2. *Defamation Claim*

Plaintiff argues that his "defamation claims meet all of the definitions by the court." Pl. Objs. 6. Plaintiff is mistaken. As Judge Armistead explained, plaintiff has not alleged sufficient facts for the Court to know if the statements were false or capable of a defamatory meaning, to whom and when the statements were made, and what harm, if any, the statements caused. Plaintiff may amend the complaint to cure these deficiencies; however, as it stands now, plaintiff's conclusory allegations that defendant "slandered plaintiff by stating to plaintiffs' [*sic*] direct reports that plaintiff, with intent, violated law[,]" and

---

[2] Plaintiff argues that he has adequately alleged that defendant purposefully withheld his wages by alleging that defendant claimed to have paid plaintiff, plaintiff repeatedly asserted that defendant had not, and defendant "then 'discovered' a payroll error, claiming it was accidental." Pl. Objs. 2 (internal quotation marks omitted). Plaintiff also asserts that defendant "moved [the] termination date to change payment of wages and skirt the law." *Id.* at 6. The Court does not construe these statements as an objection to the F&R because Judge Armistead found that plaintiff adequately alleged a claim for unpaid wages. *See* F&R 13-14.

"committed libel against plaintiff[] by creating email statements of plaintiffs' [*sic*] intent" fail to state a defamation claim. Compl. 2. Accordingly, the Court adopts the finding that plaintiff fails to state a defamation claim.

3.      *Retaliation Claim*

Finally, plaintiff argues that the F&R erred in focusing on the banning of communications and that "there is an assumption of retaliation if the termination [*sic*] under the circumstances plaintiff was subjected to." Pl. Objs. 6. Not so. First, plaintiff must allege sufficient facts to state a retaliation claim under ORS § 659A.199; there is no "assumption of retaliation" in plaintiff's favor. The only facts that plaintiff alleges regarding his retaliation claim are that defendant "ordered its employees . . . to cease communication with [] plaintiff" and "caused plaintiffs' [*sic*] contact information to be deleted from employees' cellular devices, stating that due to plaintiffs' [*sic*] pending lawsuit the employees could not communicate with plaintiff." Compl. 2. As Judge Armistead described, this alleged communications ban is not an adverse employment action because plaintiff was not employed by defendant at the time that it occurred. Accordingly, the Court adopts the finding that plaintiff fails to state a retaliation claim under ORS § 659A.199.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Armistead's Findings and Recommendation, ECF [26], in full. Plaintiff's Motion to Remand to State Court, ECF [3], and Emergency Motion to Remand to State Court, ECF [8], are DENIED. Defendant's Motion to Dismiss, ECF [5], is GRANTED in part and DENIED in part. Plaintiff's claims for wrongful termination, retaliation, falsified records, forged documents, witness tampering, obstruction of justice, evidence tampering, blacklisting, personnel file withholding under 29 U.S.C. § 211(c), and compliance with safety standards are DISMISSED with prejudice. Plaintiff's claims for common law defamation, personnel file withholding under ORS § 652.750(2), and unlawful disclosure are DISMISSED without prejudice. Plaintiff's claim for unpaid wages remains. Additionally, defendant is ORDERED to produce to plaintiff his personnel file as an initial disclosure in compliance with Local Rule 26-7(c)(2)(D).

IT IS SO ORDERED.

DATED this 28th day of July, 2025.

Adrienne Nelson
United States District Judge