UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RICHARD NEW, Sr.,

        Plaintiff,

   v.

RESTAURANT TECHNOLOGIES, INC.,

        Defendant.

Case No. 3:24-cv-01106-AR

**OPINION AND ORDER**

_____

**ARMISTEAD, United States Magistrate Judge**

Plaintiff Richard New, Sr., representing himself, sues his former employer defendant Restaurant Technologies, Inc. (RT), alleging that RT unlawfully withheld his wages from February 21 to 24, 2023. Before the court are New's (1) two motions for accommodations under the Americans with Disabilities Act and § 504 of the Rehabilitation Act, and (2) two motions for protective orders under Federal Rules of Civil Procedure 26(c). As explained below, the court denies all four motions.

## BACKGROUND

New was employed by RT. On February 22, 2023, RT notified New that it planned to terminate his employment on February 24. (Def.'s MTD at 10 n.3, ECF 5.) New alleges that RT was firing him for whistleblowing about RT's safety standards. (Notice of Removal Ex. A (Compl.), ¶¶ 5, 9, ECF 1.) After his termination, New informed RT that he had not been paid for his work from February 19 to 24. RT investigated and, 45 days later, told New that it discovered a payroll error. RT paid New for his work on February 19 and 20, but not for February 21 to 24. (*Id.* ¶ 7.)

On May 20, 2024, New filed this action in Washington County Circuit Court. (Notice of Removal Ex. B (Dkt.), ECF 1.) After New served RT with the summons and complaint in June, RT removed the case to this court in July. Within a week of removal, New moved to remand the case to state court and RT moved to dismiss all 13 of New's claims under Federal Rule of Civil Procedure 12(b)(6). (ECFs 3, 5.) Before the court ruled on those motions, New filed an amended complaint and a motion to appoint counsel. (ECFs 21, 23.) The court struck that complaint for not complying with federal and local rules and denied New's request to appoint counsel. (ECF 24.)

On March 6, 2025, the court recommended denying New's motion to remand and granting RT's motion to dismiss on all claims except New's unpaid wages claim. (F&R, ECF 26.) On July 28, District Judge Adrienne Nelson adopted the court's recommendation, giving New an opportunity to replead his common law defamation, personnel file withholding, and unlawful disclosure claims. (ECF 35.) But because New did not file an amended complaint, only his wages claim proceeded to discovery.

Page 2 – OPINION AND ORDER
*New v. Restaurant Technologies, Inc.*, 3:24-cv-01106-AR

In September 2025, as required by Rule 26(f), the parties filed a Joint Status Report and Discovery Plan. After New filed, and this court subsequently denied, a motion to appeal Judge Nelson's order, the court scheduled a telephone status conference to set case management deadlines. (ECFs 41, 43, 48.) Two days before that status conference, New filed a motion to inform the court of RT's failure to provide meaningful participation in conferences and negotiations, and a motion for accommodation, requesting legal counsel as a reasonable accommodation. (ECFs 51-52.) At the status conference, the court denied New's motion regarding RT counsel's conduct and asked New to file additional briefing outlining the legal basis for court-appointed counsel as an accommodation. (ECF 55.)

Now before the court are four motions filed by New: (1) a motion for accommodation (ECF 52), a revised motion for accommodation (ECF 58), (3) a motion for protective order (ECFs 59-60), and (4) a motion for protective order to prevent oppressive litigation conduct (ECF 66.) In his motions for accommodation, New argues that the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) require this court to provide him with disability accommodations, and that court-appointed counsel is the *only* accommodation capable of ensuring that he has meaningful access to court proceedings. For both motions for a protective order, New requests that the court to prohibit the discovery of all personal medical- and disability-related information. In his first protective order motion, New argues that a broad protective order is necessary to prevent RT from weaponizing his information and engaging in unduly burdensome conduct against him. And in the second motion, New contends that RT has engaged in conduct that makes it difficult for him to meaningfully participate in court proceedings. (ECFs 52, 58-60, 66.)

Page 3 – OPINION AND ORDER
*New v. Restaurant Technologies, Inc.*, 3:24-cv-01106-AR

**DISCUSSION**

**A.    *Motions for Accommodation***

Federal courts are not bound by the ADA. *See* 42 U.S.C. § 12131(1) (omitting federal courts from being considered a "public entity" subject to the ADA); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012). Nor are they bound by the RA.[1] *See* 29 U.S.C. § 794 (omitting federal courts from being defined as a "program or activity" subject to the RA); *Davis v. Am. Express Prepaid Card Mgmt. Corp.*, No. 1:16-cv-00591-MJS, 2017 WL 1398851, at *2 (E.D. Cal. Apr. 19, 2017); *see Patrick v. U.S. Postal Serv.*, No. CV-10-0650-PHX-ECV, 2010 WL 4879161, at *2 (D. Ariz. Nov. 23, 2010) (concluding that the Rehabilitation Act does not require federal courts to provide a litigant with accommodations).[2]

That is not to say that the court can disregard a litigants' disability: there are circumstances where it must provide litigants with accommodations. *See* 28 U.S.C. § 1827

---

[1]    "Although [federal courts] are not subject to the Americans with Disability Act (ADA), the Court has made efforts to remove disability-related barriers to court services by providing wheelchair access and other accommodations." U.S. District Court, D. Or., *Visitors with Disabilities or Special Needs*, https://ord.uscourts.gov/index.php/visitors/visitors-with-disabilities-or-special-needs (last visited Mar. 26, 2026); *see* U.S. Court of Appeals, 10th Cir., *Disability Access*, https://www.ca10.uscourts.gov/clerk/disability-access (last visited Mar. 26, 2026) (noting that "[t]he Americans with Disabilities Act (ADA) and [§] 504 of the Rehabilitation Act do not apply to the federal judiciary").

[2]    In his "Revised Motion for Accommodation," New argues that once he requests an accommodation, federal courts "must actively participate in an individualized, good-faith interactive process to determine what accommodations are necessary." (Revised Mot. for Accommodation, ¶ 13, ECF 58.) The "interactive process" stems from the duty that employers have to engage with an employee in need of an accommodation to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." *Howard v. HMK Holdings*, 988 F.3d 1185, 1193 (9th Cir. 2021). Because the "interactive process" requirement stems from the obligation to provide a "reasonable accommodation" under the ADA and RA, this court has no obligation to undergo that process. *Id.*

Page 4 – OPINION AND ORDER
*New v. Restaurant Technologies, Inc.*, 3:24-cv-01106-AR

(requiring federal courts to provide interpreters); [3] *United States v. Maria,* CR. NO. 11-00342 LEK, 2025 WL 3141081, at *4 (D. Haw. Nov. 10, 2025). But New has not established—and the court has not discovered—any cases that support his assertion that court-appointed counsel is an appropriate accommodation for his or related conditions.[4] Even taking New's representations about the limitations caused by his conditions as true,[5] there is no statute or provision in the Guide to Judiciary Policy that requires the court to provide counsel as an accommodation. *See id.* (same, and concluding that the court's allowance for reasonable accommodations was guided by their court's general policy prohibiting discrimination). Thus, the only statute available to New for court-appointed counsel is the *in forma pauperis* statute, 28 U.S.C. § 1915.

---

[3]    The Guide to Judiciary Policy assists federal courts in administrating court procedures, ensuring uniform and fair standards for its litigants. For example, the Guide states that "a court **must** provide sign language interpreters or other auxiliary aids and services to participants in federal judicial proceedings who are deaf, hearing impaired, or have communication disabilities[.]" *Guide to Judiciary Policy*, Vol. 5, Ch. 2, § 255 (2024), https://www.uscourts.gov/sites/default/files/document/guide_vol05.pdf. (last visited Apr. 3, 2026).

[4]    In New's Revised Motion for Accommodation, New cites two cases that he argues support the appointment of counsel when "necessary to ensure meaningful access for litigants whose disabilities prevent them from effectively participating in the process." The court is not persuaded by New's argument because those cases pertained to a state court and state prison, entities that the ADA and RA apply to. *See Tennessee v. Lane,* 541 U.S. 509, 532-34 (2004) (noting that a *state court* had to provide reasonable accommodations to a plaintiff whose disability prohibited him from getting to the second floor of the courtroom for his hearing) (emphasis added); *see also McBride v. Mich. Dep't of Corr.,* 294 F. Supp. 3d 695, 698-99 (E.D. Mich. 2018) (concluding that the *state prison* failed to reasonably accommodate plaintiffs with hearing-related disabilities because its proffered accommodation did not enable plaintiffs to communicate with others to the same extent as inmates that did not have a hearing disability).

[5]    New states that he "has multiple diagnosed conditions, including neurodevelopmental, anxiety-related, and stress-sensitive medical disorders." (Revised Mot. for Accommodation, ¶ 21, ECF 58.)

Page 5 – OPINION AND ORDER
*New v. Restaurant Technologies, Inc.*, 3:24-cv-01106-AR

Under 28 U.S.C. § 1915(e)(1), federal courts have discretion to request counsel for *indigent* civil litigants.[6] *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038-39 (9th Cir. 2021) (emphasis added). But that discretion applies only to "exceptional circumstances." *Agyeman v. Cors. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom.*, *Gerber v. Agyeman,* 545 U.S. 1128 (2005). To determine whether New demonstrates exceptional circumstances, the court considers his "likelihood of success on the merits as well as the ability of [New] to articulate [his] claims *pro se* in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look*, 781 F.2d 952, 954 (9th Cir. 1983). Those two factors must be viewed together, as neither is dispositive. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, New has one claim—unpaid wages. Although the likelihood of success for New's claim is unclear, the facts and legal issues are not so complex to demonstrate a need for counsel. (*See* ECF 24 (noting that in New's previous motion to appoint counsel, the facts paired with his 13 claims did not present exceptional circumstances).) The factual circumstances at this point have not made litigation of New's case more complicated than previously considered.

New also has been able to clearly articulate his claims in his briefings, and he demonstrates a comprehension of the legal issues such that he engages with RT counsel's

---

[6]    When courts consider the appointment of counsel under § 1915, it first must determine whether that party meets the income eligibility requirements. *See United States v. 30.64 Acres of Land in Klickitat Cnty.*, 795 F.2d 796, 804 (9th Cir. 1986) (remanding the case to the district court to determine whether the plaintiff was indigent *before* the district court could exercise its discretion to request counsel for plaintiff) (emphasis added). Because this action was removed from state court, the court lacks *in forma pauperis* documentation from New. That said, the court has considered whether exceptional circumstances exist.

Page 6 – OPINION AND ORDER
*New v. Restaurant Technologies, Inc.*, 3:24-cv-01106-AR

arguments and the court's prior orders. *See Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (affirming a district court's decision to deny appointing plaintiff counsel because he articulated his claims well, filed motions and substantive documents, and engaged with opposing counsel over the course of the entire proceeding); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (noting that a party arguing for the assistance of counsel must show that they could not articulate their arguments because of the complexity of the issues); *see also Shah v. Desert Auto Grp. V LLC*, No. 23-cv-1073-JO-BGS, 2024 WL 1898464, at *3 (S.D. Cal. Apr. 30, 2024) (declining to appoint counsel because the plaintiff's claims for employment discrimination, retaliation, and wage-and-hour violations were not factually or legally complex and the plaintiff showed that he could successfully outline his causes of action and the facts relevant to those claims). In this case, New has filed many briefs demonstrating the comprehension of his rights as a litigant and advocate for his interests here. (*See* ECFs 3, 8, 23, 30, 51, 52, 58-60, 64-66.)

Based on the information presented to the court, the challenges New faces in this case are not substantially different from the obstacles that self-represented litigants typically experience in litigation. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (noting that the challenges an ordinary self-represented party experiences in court, on its own, are not enough to create extraordinary circumstances). While the court believes that New has demonstrated himself to be capable of litigating his case on his own, the court will continue to assess whether New's circumstances become exceptional as the case progresses. For all those reasons, New's motions for accommodation are denied.

**B.    *Motions for Protective Order***

Generally, discovery is a presumptively public process such that the "public can gain access to litigation documents and information produced during discovery." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). But a litigant can oppose discovery disclosures through "good cause" as to the necessity of a protective order. *Id.*

Courts have equitable power to decide when a protective order is appropriate to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or inquiring into certain matters. FED. R. CIV. P. 26(c)(1); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984); *Id.* at 1210-11. For the court to grant New's protective orders, he must allege specific prejudice or harm that will result from the lack of court intervention. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *Phillips*, 307 F.3d at 1210-11). *See Stansell v. Revolutionary Armed Forces of Colombia*, 120 F.4th 754, 766 (11th Cir. 2024) (noting that "[g]ood cause usually requires a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements"). If New raises "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning . . . ," he fails to meet the standard of Rule 26(c). *Fierro Cordero v. Stemilt AG Servs., LLC*, 142 F.4th 1201, 1207 (9th Cir. 2025) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). As the party seeking the protective order, it is New's burden to establish good cause and show prejudice for the information he seeks to protect. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

New requests protective orders that completely prohibit RT from his medical- and disability-related records. *See id.* at 1133 ("a blanket protective order typically does not make the

Page 8 – OPINION AND ORDER
*New v. Restaurant Technologies, Inc.*, 3:24-cv-01106-AR

'good cause' showing required by Rule 26(c) with respect to any particular document"); *see also Globaltranz Enters. LLC v. Pinnacle Logistics Grp. LLC*, No. cv-22-00545-PHX-JAT, 2022 WL 4613631, at *2 (D. Ariz. Sept. 30, 2022) (stating that although stipulated protective orders are routinely approved by courts in civil cases, those orders frequently require the requesting party to limit its scope to well-defined categories to demonstrate good cause). The court concludes that New has not met his burden for his requested protective orders, for three reasons.

First, New's motions for protective order are premature because the parties have not engaged in discovery or provided initial disclosures, and there is no pending discovery request from RT. *Ben-Oni v. Wood*, Case No. 2:24-cv-2769-DJC-JPD (PS), 2026 WL 104526, at *2 (E.D. Cal. Jan. 14, 2026); *Milo v. Rodriguez*, No. 1:21-cv-01188-SAB (PC), 2026 WL 295530, at *1 (E.D. Cal. Feb. 4, 2026). Because it is unknown if RT will request New's medical information in discovery, granting a protective order now would cause the court to protect New from what is currently a speculative harm.

Second, New has not demonstrated good cause. New raises allegations of harm and provides examples that suggest how discovery of his medical information prejudices him. But his alleged harm is too conclusory and speculative, and his requested relief is too broad to comport with Rule 26(c). New's proposed protective orders do not identify specific medical records or information that he seeks to protect from discovery, and his assertion that RT will use misuse that information to harm him is not concrete. In future motions for protective order, New will need to provide specific demonstrations of fact that are supported by clear examples of harm to establish the good cause necessary for such order. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Page 9 – OPINION AND ORDER
*New v. Restaurant Technologies, Inc.*, 3:24-cv-01106-AR

Third, New has not demonstrated attempts to confer with RT to resolve his discovery dispute before requesting court intervention. FED. R. CIV. P. 26(c)(1). If New, in good faith, conferred with RT to resolve the issue before filing his protective orders, he needed to include that information in his motions for protective order. LR 26-3(g); *see* LR 7-1(a) (noting that for every motion New files with this court, he must certify his attempts to resolve the dispute on his own RT's counsel). The court reminds New that failing to comply with Local Rule 7-1 gives the court authority to strike future motions. LR 7-1(a)(3); (*see generally* ECFs 13, 24, 26, 57.)

New understandably is reluctant to permit records that appear tangential to his only claim—unpaid wages. The court is aware that the scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," FED. R. CIV. P. 26(b)(1), and is available to address discovery disputes as they arise to protect the parties' rights. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (stating that for purposes of Rule 26(b)(1), which involves the discovery of information relevant to the claim or defense of any party, district courts have broad discretion to determine what information is relevant in discovery).

Because New's proposed protective orders are overly broad, speculative, and premature, New's motions for protective order are denied.

## CONCLUSION

For the above reasons, New's motions for accommodation (ECFs 52, 58) and motions for protective order (ECFs 59, 66) are DENIED.

DATED: April 30, 2026.

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 11 – OPINION AND ORDER
*New v. Restaurant Technologies, Inc.*, 3:24-cv-01106-AR